Floyd W. Bybee #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd. Ste. 5
Chandler, Arizona 85226
Phone: (480) 756-8822
Fax: (480) 297-0917
Email: floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Murillo Vasquez; | No. |
| Plaintiff, | |
| -vs.- | **COMPLAINT** |
| Fast Track Leasing LLC; and Deninson Dugarte Rivas; | |
| Defendants. | |

## I.    INTRODUCTION.

1.    Plaintiff purchased a used 2015 Toyota Camry (hereinafter "Camry" or "Vehicle") which the seller represented to have been driven only 140,000 miles. However, shortly after purchasing the Camry, Plaintiff learned the Camry had been driven more than 203,000 miles and that the odometer had been altered or rolled back to reflect only 140,000 miles.

2.    Plaintiff brings this action to remedy the Defendants' violations of the federal Motor Vehicle Information and Costs Savings Act, also known as the federal Odometer Fraud Act, 49 U.S.C. § 32701, *et seq.* ("the Odometer Fraud Act).

## II.    JURISDICTION AND VENUE

3.    Jurisdiction of this Court arises under 49 U.S.C. § 32710(b) and 28 U.S.C. §§ 1331 and 1337.

4.    Supplemental jurisdiction exists for the pendant state law claims pursuant to 28 U.S.C. § 1367.

5.    Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

## III.    PARTIES

6.    Plaintiff Christian Murillo Vasquez is a resident of Maricopa County, Arizona.

7.    Plaintiff is a "transferee" as that term is defined by 49 C.F.R. § 580.3.

8.    Defendant Fast Track Leasing LLC is a New York limited liability company registered to conduct business in the State of Arizona.

9.    Fast Track's primary place of business in Arizona is located at 640 S. Smith Road, Tempe, Arizona 85281.

10.    Fast Track is a "transferor" as that term is defined by 49 C.F.R. § 580.3.

11.    Defendant Deninson Dugarte Rivas is an individual residing in Chandler, Arizona.

12.    At all times relevant herein, Rivas acted on behalf and with authority from Fast Track.

13.    Fast Tract is liable for the actions of Rivas.

## IV.    FACTUAL ALLEGATIONS

14.    The Camry was purchased new by RIGO FTL 1002 LLC on or about April 7, 2015 with only 10 miles on the odometer. (**Exhibit A:** CarFax Vehicle History Report dated March 12, 2024; **Exhibit B:** New York State Title dated December 7, 2021)

2

15. RIGO FLT 1002 LLC operates as one and the same business entity under the Fast Track Leasing LLC entity. (**Exhibit C:** Letter to Arizona Motor Vehicle Services dated April 3, 2023)

16. RIGO FLT first titled and registered the Camry in New York State. (**Exhibit B**)

17. On April 20, 2023, the Camry's odometer was recorded as having 203,769 miles by the Arizona Emissions Testing Station. (**Exhibit D:** Arizona Emissions Test Report dated April 20, 2023)

18. On or about April 21, 2023, RIGO FLT transferred title to the Camry to Fast Track. (**Exhibit E:** Arizona Title Summary dated April 21, 2023)

19. At the time of transfer, the odometer reading on the Camry was recorded at 203,764 actual miles. (*Id.*)

20. A new title to the Camry was issued to Fast Track on April 21, 2013. (**Exhibit E**)

21. On or about February 21, 2024, Fast Track acquired a new title for the Camry in its name. (**Exhibit F:** Arizona Certificate of Title dated February 21, 2024)

22. On March 6, 2024, Rivas obtained a 3 Day Restricted Use Permit from the Motor Vehicle Division. (**Exhibit G:** Motor Vehicle Record dated March 12, 2024)

23. In or about March 2024, Rivas acting on behalf of Fast Track advertised the Camry for sale on Facebook Marketplace and on Offerup, an on-line market. (**Exhibit H:** Facebook Advertisement; **Exhibit I:** Offerup advertisement)

24. Both advertisements stated that the mileage on the Camry was 140,000 miles, which was false. (*Id.*)

25. The Offerup advertisement also stated that the title was clean,

which was also false. (*Id.*)

26.    On March 9, 2024, Plaintiff responded to the advertisements for the Camry and made arrangements to inspect it.

27.    Plaintiff met up with the seller and inspected and test drove the Camry.

28.    After looking it over, and relying upon the representations that the Vehicle had only 140,000 miles, Plaintiff agreed to purchase the Camry and paid $6,500 cash.

29.    Shortly thereafter, Plaintiff learned from a VinHistory Report that the Camry had 203,769 miles on it in April 2023. (**Exhibit J: VinHistory Report**)

30.    At the time of the sale, Fast Track had certified on the back of the title that the odometer reading was 140,000 actual miles. (**Exhibit F**)

31.    At the time of sale, Fast Track knew the Camry had well over 203,000 miles on it and that the representation that it had only 140,000 was false.

32.    Fast Track knew its representation concerning the mileage was false when it made it.

33.    The representations that the Camry had only 140,000 miles was a significant factor in Plaintiff's decision to purchase the Vehicle.

34.    Plaintiff relied upon the representations by Defendants concerning the mileage in making the decision to purchase the Camry.

35.    Plaintiff did not know at the time that the representations concerning the Camry's mileage were false.

36.    Plaintiff would not have purchased the Vehicle had he known that it had over 203,000 miles.

37.    Plaintiff would not have purchased the Vehicle had he known that the odometer had been rolled back or altered to reflect no fewer than

4

63,000 miles than it had actually traveled.

38. While in the possession or control of Fast Track and Rivas, the odometer on the Camry was rolled back or otherwise altered to reflect 63,000 fewer miles that it had actually traveled.

39. Fast Track and Rivas rolled back or altered the odometer reading on the Camry in order to increase its perceived value over a Camry with more than 203,000 miles.

40. Fast Track and Rivas rolled back or altered the odometer reading on the Camry with the intent to defraud Plaintiff or other subsequent purchasers.

41. Defendants acted in concert with each other to perpetrate the fraud on Plaintiff.

42. As a result of Defendants' actions, Plaintiff has suffered actual damages, including a significant loss of value of the vehicle, and other expenses incurred.

## V.   CAUSE OF ACTION

### Violation of the Federal Odometer Fraud Act

43. Plaintiff sets forth the foregoing allegations at length as if set forth herein.

44. The foregoing acts and or omissions by Defendants violate the federal Odometer Fraud Act, 49 U.S.C. § 32701 *et seq.*

45. Defendants Fast Track and Rivas violated the Odometer Fraud Act with the intent to defraud by rolling back or altering the odometer on the Camry to reflect fewer miles than the Camry had actually traveled.

46. Defendants Fast Track and Rivas violated the Odometer Fraud Act with the intent to defraud by providing representations concerning the Camry's mileage which were false, and which Defendants

knew or should have known were false.

47.   In accordance with 49 U.S.C. § 32710(a) and (b), Plaintiff is entitled to recover from each Defendant three times the amount of his actual damages or $10,000, whichever is greater, together with reasonable attorney's fees and costs.

48.   In the event of default, Plaintiff's actual damages are no less than $4,500.

**VI.   PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered against Defendants as follows:

a)  statutory damages against each Defendant in the amount of three times Plaintiff's actual damages, or $10,000, whichever is greater;

b)  Costs and reasonable attorney's fees against all Defendants; and

c)  Such other relief as may be just and proper.

RESPECTFULLY SUBMITTED:   April 24, 2024   .

s/   Floyd W. Bybee
Floyd W. Bybee #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd. Ste. 5
Chandler, Arizona 85226
Phone: (480) 756-8822
Fax: (480) 297-0917
floyd@bybeelaw.com

Attorney for Plaintiff